IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD PERRAULT,

                                                   OPINION AND ORDER

                   Plaintiff,

                                                   15-cv-144-bbc

     v.

STATE OF WISCONSIN
DEPARTMENT OF CORRECTIONS,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Ronald Perrault has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that his sentence was calculated incorrectly and that he served 632 days longer on extended supervision than he should have, in violation of his rights under the Eighth and Fourteenth Amendments. (Plaintiff is currently incarcerated at the Dodge County Correctional Institution in Waupun, Wisconsin, but his allegations suggest that his claims are unrelated to his current incarceration.) Because plaintiff has made an initial partial payment of the filing fee, his complaint is ready for screening.

      Having reviewed plaintiff's complaint and the documents he attached to it, I conclude that his complaint must be dismissed for failing to properly state a claim under Fed. R. Civ. P. 8. Although plaintiff may have a claim under either the Eighth Amendment or under the substantive due process clause of the Fourteenth Amendment, he cannot obtain relief unless he can show deliberate indifference of the part of one or more government officials. He has

1

not named a government official as a defendant or alleged that the official knew of the computational error in plaintiff's sentencing and was deliberately indifferent to it, but I will give him an opportunity to file an amended complaint.

OPINION

Plaintiff alleges that he was sentenced "wrongfully" in violation of the Eighth and Fourteenth Amendments and unnecessarily served 632 days on extended supervision during which time a revocation order was entered. Because he is challenging the duration and validity of his confinement, a threshold question is whether plaintiff may bring his claim under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 486 (1994) (civil tort action generally not appropriate vehicle for challenging lawfulness of conviction or confinement). In Heck, the Supreme Court explained that "[i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.

Documents attached to plaintiff's supplemental complaint, dkt. #17, show that he successfully filed a state post conviction motion and petition for a writ of habeas corpus in the Circuit Court for Fond Du Lac County in July 2014, challenging the length of his

extended supervision. Dkt. #17, exh. #1 at 6-11. On August 4, 2014, the circuit court amended plaintiff's judgment of conviction, reducing plaintiff's length of extended supervision from five years to three years. Id. at 12. On November 4, 2014, defendant Department of Corrections vacated a March 14, 2014 revocation order that it had issued with respect to plaintiff and released him from custody. Id. at 18-19.

Because it appears that plaintiff has met his initial burden for bringing a § 1983 claim by alleging that he was kept in custody longer than he should have been, the next question is whether he has stated a claim under either the Eighth or Fourteenth Amendments. Generally, the Eighth Amendment prohibits cruel and unusual punishment and the due process clause of the Fourteenth Amendment prohibits government officials from depriving a person of "life, liberty, or property without due process of law."

With respect to the Fourteenth Amendment, prisoners have a liberty interest in being released on time, in conformity with the sentence imposed and other relevant laws. John Boston and Daniel E. Manville, Prisoners' Self-Help Litigation Manual 407 (4th ed. 2010). See also Toney-El v. Franzen, 777 F.2d 1224, 1226 (7th Cir. 1985) (plaintiff had constitutionally protected liberty interest in being released from prison for good behavior); Johnson v. Herman, 132 F. Supp. 2d 1130, 1139 (N.D. Ind. 2001) (due process clause "clearly protects against eighteen days of unlawful incarceration"). There are two kinds of due process issues: procedural and substantive. Plaintiff does not seem to be raising a claim of procedural due process, which means the procedure the Constitution requires before government can deprive a person of liberty. Zinermon v. Burch, 494 U.S. 113, 125 (1990).

He has not challenged the adequacy of any particular procedure or the lack of any particular procedure. He alleges that he pursued numerous routes in an effort to correct his sentence, including filing various appeals, letters and motions.

It is well-established that in cases in which the state establishes pre-deprivation procedures and state employees negligently or intentionally violate those procedures, the only way a state could provide protections from such "random and unauthorized" conduct is through post deprivation remedies. Parratt v. Taylor, 451 U.S. 527, 541-44 (1981); Hudson v. Palmer, 468 U.S. 517, 533 (1984). Therefore, even if plaintiff is alleging that he was deprived of liberty by an official's negligent or intentional violation of state procedures, he can state a due process claim only if he can show that the state also fails to provide an adequate post deprivation remedy. Id. In this case, plaintiff received an adequate post-deprivation remedy regarding his release from extended supervision. In addition, he can seek to recover monetary damages from the responsible state officials under state tort law. Hamlin v. Vaudenberg, 95 F.3d 580, 585 (7th Cir. 1996) (finding Wisconsin post deprivation remedies adequate in part because money damages available in state law tort action against prison officials for deprivation of liberty).

There is some confusion in the case law about whether a prisoner's constitutional right not to be detained beyond the expiration of his sentence is founded in the substantive due process clause or in the Eighth Amendment. McCurry v. Moore, 242 F. Supp. 2d 1167, 1178-79 (N.D. Fla. 2002) (summarizing cases). Substantive due process bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to

4

implement them." Id. (citing Daniels v. Williams, 474 U.S. 327, 331 (1986)). See also Miller v. Henman, 804 F.2d 421, 427 (7th Cir. 1986) ("the nub of a substantive due process claim is that some things the state just cannot do, no matter how much process it provides"). However, the Supreme Court has held that if a claim is covered by a specific constitutional provision, such as the Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision and not under the substantive due process clause. County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998); Graham v. Connor, 490 U.S. 386, 395 (1989); Childress v. Walker, 787 F.3d 433, 438 (7th Cir. 2015).

The Court of Appeals for the Seventh Circuit and other federal courts have held that subjecting a prisoner to detention beyond the termination of his sentence violates the Eighth Amendment's proscription against cruel and usual punishment. Childress, 787 F.3d at 439; Armato v. Grounds, 766 F.3d 713, 721 (7th Cir. 2014); Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001); Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993); Haygood v. Younger, 769 F.2d 1350, 1354–55 (9th Cir. 1985); Campbell v. Illinois Dept. of Corrections, 907 F. Supp. 1173, 1179–80 (N.D. Ill. 1995). However, it is not entirely clear whether serving extra time on extended supervision constitutes excessive confinement under the Eighth Amendment. Although the Eighth Amendment may apply in plaintiff's situation, Shesler v. Sanders, 2014 WL 5795486, at *5 n.2 (W.D. Wis. Nov. 6, 2014) (applying Eighth Amendment to plaintiff's claim that he served extra time on extended supervision), it is not necessary to resolve that issue at this early stage in the proceedings, because the standard is essentially the same under either constitutional provision.

Under either the substantive due process clause or the Eighth Amendment, a mistake or calculation error in sentencing does not rise to the level of a § 1983 violation. Both constitutional provisions require plaintiff to show deliberate indifference on the part of the officials responsible. Daniels v. Williams, 474 U.S. 327, 328 (1986) (due process clause not implicated by negligent act of official causing unintended loss of liberty); Campbell, 256 F.3d at 700 ("[T]he courts that have recognized this problem have been careful to note that the extended incarceration must also be the product of deliberate indifference before a constitutional violation, as opposed to an error of state law, is implicated."). Deliberate indifference means that the officials were aware of the sentencing problem and the risk of unwarranted punishment but failed to act or took ineffectual action under the circumstances. Moore, 986 F.3d at 686 (citing Sample v. Diecks, 885 F.2d 1099, 1108-09 (3d Cir. 1989)).

Rule 8 of the Federal Rules of Civil Procedure requires that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff has failed to show that he is entitled to relief because he has not named a defendant who could be held responsible for his excessive confinement and has not alleged facts supporting a view that any state official acted with deliberate indifference to his constitutional rights. Plaintiff names only the Department of Corrections as a defendant. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" Minix v. Canarecci, 597 F.3d 824, 833 (7th Cir. 2010). Although he states that "[r]ecords failed to catch and correct," he does not allege that any particular official knew that he was serving too long a sentence because of a calculation error and failed to correct it. Brooks v. Ross,

6

578 F.3d 574, 580 (7th Cir. 2009) (plaintiff must connect specific defendants to alleged illegal acts). Therefore, I will dismiss plaintiff's claim without prejudice to his refiling an amended complaint. If he decides to file an amended complaint, he should identify one or more Department of Corrections officials responsible for his excessive confinement and explain how these officials knew about the excessive confinement but failed to act to correct the problem. An amended complaint must completely replace plaintiff's previous complaint, alleging all facts necessary to state his claims and listing all defendants.

ORDER

IT IS ORDERED that

1. Plaintiff Ronald Perrault's complaint, dkt. #1, is DISMISSED WITH PREJUDICE to the extent that it raises a procedural due process claim under the Fourteenth Amendment against defendant Department of Corrections.

2. Plaintiff's Eighth Amendment and Fourteenth Amendment substantive due process claims are DISMISSED WITHOUT PREJUDICE for plaintiff's failure to comply with Fed. R. Civ. P. 8. He may have until September 16, 2015 to file an amended complaint that complies with the Federal Rules of Civil Procedure as described in this order. If plaintiff fails to respond by that date or files an amended complaint that does not correct

the problems, I will dismiss the case with prejudice for his failure to state a claim upon which relief may be granted and assess a strike under 28 U.S.C. § 1915(g).

Entered this 25th day of August, 2015.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge