IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD PERRAULT,                                                                OPINION AND ORDER

          Plaintiff,                                                                            15-cv-144-bbc

   v.

STATE OF WISCONSIN, DEBRA K. HALEY,
PAULETTE SANDERS, SHERI HICKS,
CHERYL ROSE, ELLEN PERRY, JEAN KRAINTZ,
M. OLSON, C. VAN BUREN, KURT LINJER,
JOHN AND JANE DOES, FOND DU LAC MUNICIPALITY,
ALLEN BUECHEL, MARY KARST, ROMONA GEIB and
MARY WOLFE,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Ronald Perrault, a prisoner at Fox Lake Correctional Institution, has filed an amended complaint against various state officials, including Department of Corrections employees and public officials in Fond du Lac County. He contends that defendants violated his constitutional rights and subjected him to false imprisonment when they failed to notice that his sentence was unlawful and correct it so that it conformed to Wisconsin state law. After reviewing plaintiff's amended complaint as required by 28 U.S.C. § 1915A, I conclude that his allegations fail to state a claim that defendants violated his constitutional rights. Accordingly, I will dismiss plaintiff's § 1983 claims with prejudice. I decline to exercise supplemental jurisdiction over plaintiff's state law claim for false imprisonment.

1

Plaintiff's complaint contains the following allegations, which for screening purposes I must accept as true and read them in the light most favorable to him. Perez v. Fenoglio, 792 F.3d 768, 774 (7th Cir. 2015).

ALLEGATIONS OF FACT

On July 18, 2005, plaintiff was found guilty of three counts of Failure to Support a Child, Wis. Stat. § 948.22(2). On September 26, 2005, Fond du Lac County Circuit Court Judge Richard Nuss sentenced plaintiff on each of the three counts to concurrent sentences of five years' confinement followed by five years of extended supervision. After taking into account the 225 days of sentencing credit plaintiff had earned under Wis. Stat. § 973.155, the Wisconsin Department of Corrections calculated plaintiff's sentence as terminating on February 12, 2015. None of the defendants noticed that the judge had imposed a five-year term of extended supervision rather than the maximum penalty of three years.

After completing the Wisconsin Department of Corrections' Earned Release Program, plaintiff was released from prison on October 16, 2008. Although plaintiff's release date was almost a year and a half earlier than originally anticipated, his early release did not affect the length of his sentence. As set forth in Judge Nuss's order, plaintiff was to serve five years of extended supervision. This term would not expire until February 12, 2015.

On March 14, 2014, plaintiff's supervised release status was revoked for a non-criminal violation of the conditions of his release and plaintiff was returned to the custody of the Wisconsin Department of Corrections. Plaintiff was sent first to Dodge

Correctional Institution, but was transferred later to Chippewa Valley Correctional Treatment Center.

In connection with plaintiff's transfer to Chippewa Valley Correctional, the prison registrar, Shannone Manz (who is not a named defendant), identified what appeared to be an error in Judge Nuss's 2005 sentence. Specifically, she noticed that each of the three counts for which plaintiff was sentenced was a Class E felony committed before February 1, 2013. Under Wis. Stat. § 939.50(3)(e) and § 973.01(2)(b)5, the maximum punishment for each count was five years' confinement followed by *three* years of extended supervision. Manz wrote to Judge Nuss, saying that plaintiff's sentence appeared to impose a longer period of supervised release than the law allowed and asking for clarification.

Judge Nuss responded to Manz's letter on July 2, 2014, acknowledging the potential error. He instructed the Fond du Lac County District Attorney to review the sentence and stated that the Wisconsin Department of Corrections should have noticed the potential error at the time it revoked plaintiff's supervision. Plaintiff filed a post conviction motion in the Circuit Court for Chippewa County on July 9, 2014. The Fond du Lac public defender's office also moved to vacate the March 2014 revocation order on the ground that plaintiff should not have been required to abide by the terms of his supervised release after February 12, 2013.

On August 4, 2014, Judge Nuss issued an order amending his judgment and reducing the length of plaintiff's sentence from 10 years to eight years to take into account the three-year maximum for supervised release under Wis. Stat. 939.50(3)(e). Additionally, the

3

Wisconsin Department of Corrections granted the Fond du Lac Public Defender's Office's motion to vacate. Plaintiff was released from Chippewa Valley Correctional on November 5, 2014. However, he was handed over immediately to Waukesha County, Wisconsin, officials to serve a sentence imposed in a separate criminal matter.

OPINION

Plaintiff contends that defendants violated his constitutionally protected rights under the Fourth, Eighth, Thirteenth and Fourteenth Amendments. I conclude that none of plaintiff's allegations against any of the defendants states a claim upon which relief may be granted.

A. Plaintiff's Eighth Amendment Claim

1. Wisconsin Department of Corrections defendants

The thrust of plaintiff's complaint is that various Wisconsin Department of Corrections administrators responsible for maintaining offenders' prison records and sentencing information violated his constitutional rights by failing to notice and correct the legal error in Judge Nuss's sentence. In particular, plaintiff contends that these defendants' "deliberate indifference" to whether Judge Nuss's sentence was lawful meant that plaintiff had to serve a term of extended supervision that was two years longer than the law allowed. According to plaintiff, this period of extended supervision, which was revoked in 2014 and led to his reincarceration, amounted to a form of cruel and unusual punishment in violation

of the Eighth Amendment because it was imposed without penological justification. I conclude that this claim fails because plaintiff has not alleged that any of the defendants had personal knowledge that his sentence was unlawful.

I begin by noting that courts have recognized that a prisoner can state an Eighth Amendment deliberate indifference claim based on being incarcerated "beyond the termination of his sentence without penological justification." Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001); Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989). However, the common denominator in these types of cases is that prison officials failed to fulfill their obligation to properly execute the sentence imposed by the trial court, failed to calculate the proper release date or failed to apply credit for time served. In each of these instances, the prisoner's problem was not with the sentence itself, but with how the sentence was executed by prison officials. By contrast, plaintiff does not allege that prison officials failed to properly execute the sentence imposed by Judge Nuss. Instead, he claims that defendants failed to notice that Judge Nuss's sentence was unlawful and failed to correct Judge Nuss's legal error.

Even if I were to conclude that prison administrators or prison record keepers had a constitutional obligation to identify and take some sort of action to correct a judge's unlawful sentencing order, I still would dismiss plaintiff's Eighth Amendment claim because he fails to allege that defendants had "actual knowledge of [a] substantial risk" that his sentence was unlawful. Campbell v. Illinois Department of Corrections, 907 F. Supp. 1173, 1179 (N.D. Ill. 1995) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). See also

5

Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989) ("To establish § 1983 liability in this context, a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted."). This "actual knowledge" standard requires a plaintiff to show that an official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that they "also dr[ew] the inference." Farmer, 511 U.S. at 837.

Plaintiff has done little more than allege that defendants were aware of a risk of unlawful sentences generally; not that they were aware of a specific risk that his sentence was unlawful. For example, plaintiff asserts that various defendants were aware of Wisconsin's sentencing laws and knew that illegal sentences often had to be corrected. However, it is not possible to infer from his allegations that defendants were aware of a substantial risk that the particular sentence in his case was illegal. Simply alleging that defendants were aware of the general possibility that prisoners' sentences may be inconsistent with Wisconsin law does not state a claim for deliberate indifference in violation of the Eighth Amendment. Butera v. Cottey, 285 F.3d 601, 606 (7th Cir. 2002) (plaintiffs must demonstrate that defendants had "actual notice of a *specific* risk of serious harm so as to find [defendants] deliberately indifferent"); James v. Milwaukee County, 956 F.2d 696, 701 (7th Cir. 1992) (deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence in prison). At best, plaintiff alleges that the Department of Corrections defendants were negligent in failing to notice the legal error in plaintiff's sentence earlier than they did. However, negligence is not sufficient to state a

6

claim for deliberate indifference. Armato v. Grounds, 766 F.3d 713, 721 (7th Cir. 2014) ("Deliberate indifference requires more than negligence[.]").

2. Fond du Lac County defendants

In his attempt to hold Fond du Lac County Court Clerks Ramona Geib and Mary Karst and Fond du Lac County Executive Allen Buechel responsible for Judge Nuss's unlawful sentence, plaintiff fares no better than he does in his claims against the Wisconsin Department of Corrections administrators. As with those administrators, plaintiff has not alleged that county defendants Geib, Karst or Buechel knew that his sentence was unlawful. Moreover, Geib and Karst cannot be held responsible for merely filing plaintiff's unlawful sentence and may well be entitled to absolute immunity. Smith v. City of Hammond, Indiana, 388 F.3d 304, 306 (7th Cir. 2004) ("As mere executants, [clerks] would be sheltered by the judge's absolute immunity[.]").

Plaintiff's claims against Fond du Lac Municipality will also be dismissed because he has not alleged anything to show that this entity or any of its employees played any role in determining or reviewing the sentence Judge Nuss imposed on plaintiff. He brought his claims against county employees, not municipal employees.

B. Plaintiff's Fourteenth, Thirteenth and Fourth Amendment Claims

Plaintiff's claims that defendants violated his constitutional rights under the Fourteenth, Thirteenth and Fourth Amendment will be dismissed with prejudice. Plaintiff's

7

Fourteenth Amendment substantive due process claim will be dismissed because the Supreme Court has held that plaintiffs may resort to the substantive guarantees of the due process clause only when there is not "a particular Amendment [that] provides an explicit textual source of constitutional protection against a particular sort of government behavior[.]" County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). As discussed above, if any amendment protected plaintiff's constitutional rights related to the length and term of his sentence, it would be the Eighth Amendment.

As to plaintiff's Fourth Amendment claim, the protections of that amendment apply only to a plaintiff's initial arrest or seizure, not to the length of his confinement or the terms of his sentence. Plaintiff is not alleging that his initial seizure following the revocation of his supervised release was improper. Brooks v. George County, Miss., 84 F.3d 157, 167-68 (5th Cir. 1996). Moreover, even if plaintiff were challenging his arrest for violation of the terms of his supervised release, this claim would be dismissed because plaintiff's sentence was facially valid at the time he was arrested. Baker v. McCollan, 443 U.S. 137, 144-46 (1979).

Finally, plaintiff contends that defendants violated his Thirteenth Amendment rights when they forced him to work and participate in training programs during the period in which he was unlawfully imprisoned. This contention is clearly without merit. By its express language, the Thirteenth Amendment's restriction on involuntary servitude does not apply to individuals that have been "duly convicted" of a crime. U.S. Const. amend. XIII § 1 ("Neither slavery nor involuntary servitude, except as a punishment for crime whereof the

8

party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."). Plaintiff was a "duly convicted" prisoner for the entire period of his imprisonment although his sentence was amended later on the ground that it was illegal. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)("We agree with our sister circuits that a duly convicted prisoner continues in that status until his or her appeal becomes final even if it results in a reversal of the conviction."); Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983) ("[W]here a prisoner is incarcerated pursuant to a presumptively valid judgment . . . the thirteenth amendment's prohibition against involuntary servitude is not implicated . . . even though the conviction may be subsequently reversed."); Stiltner v. Rhay, 322 F.2d 314, 315 (9th Cir. 1963)("There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed.").

### C. Plaintiff's Claim against Defendant Mary Wolfe

Plaintiff also contends that defendant Wolfe, the acting supervisor for the Fond du Lac County Public Defender's Office, violated his rights by failing to immediately request a hearing after discovering that plaintiff's sentence was illegal. According to plaintiff, had Wolfe acted faster to request a hearing, he would have been released earlier. However, defendant Wolfe was not acting under color of state law when she was representing plaintiff and attempting to secure his release, Polk County v. Dodson, 454 U.S. 312, 325 (1981), and for that reason cannot be found liable for her actions and omissions as plaintiff's

counsel. Id. ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to defendant in a criminal proceeding."). Accordingly, plaintiff's claims against Wolfe will be dismissed with prejudice.

### D. Plaintiff's State Law False Imprisonment Claim

The sole remaining claim is plaintiff's state law claim for false imprisonment. I decline to exercise jurisdiction over this claim because I am dismissing all of the claims over which this court has original jurisdiction and there has thus far been little factual development of this claim. Carr v. Cigna Securities, Inc., 95 F.3d 544, 546 (7th Cir. 1996) ("The general rule, when the federal claims fall out before trial, is that the judge relinquish jurisdiction over any supplemental (what used to be called 'pendent') state law claims in order to minimize federal judicial intrusion into matters purely of state law."). Accordingly, plaintiff's state law claim for false imprisonment will be dismissed without prejudice. Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.")

ORDER

IT IS ORDERED that

1. Plaintiff's proposed amended complaint, dkt. #26, is DISMISSED. Plaintiff's § 1983 claims alleging violations of his Eighth, Fourth, Thirteenth and Fourteenth

Amendment rights are DISMISSED WITH PREJUDICE for failure to state a claim. Plaintiff's state law false imprisonment claim is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

    2.    Plaintiff's motion for assistance in recruiting counsel, dkt. #27, is DENIED.

    3.    The clerk of court is directed to close the case.

Entered this 11th day of January, 2016.

                        BY THE COURT:

                        /s/

                        _____
                        BARBARA B. CRABB
                        District Judge