IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RONALD PERRAULT,

                                                                           ORDER

                Plaintiff,

                                                    15-cv-144-bbc
                                                 Appeal no. 16-1189

     v.

STATE OF WISCONSIN, DEBRA K. HALEY,
PAULETTE SANDERS, SHERI HICKS,
CHERYL ROSE, ELLEN PERRY, JEAN KRAINTZ,
M. OLSON, C. VAN BUREN, KURT LINJER,
JOHN AND JANE DOES, FOND DU LAC MUNICIPALITY,
ALLEN BUECHEL, MARY KARST, ROMONA GEIB and
MARY WOLFE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Judgment was entered in this case on January 11, 2016 after I dismissed plaintiff Ronald Perrault's claims alleging violations of his Eighth, Fourth, Thirteenth and Fourteenth Amendment rights for failure to state a claim and his state law false imprisonment claim for lack of jurisdiction. Now plaintiff has filed a notice of appeal. Because plaintiff has not paid the $505 fee for filing an appeal, I construe his notice as a request for leave to proceed in forma pauperis on appeal.

       Plaintiff's request for leave to proceed in forma pauperis on appeal is governed by the 1996 Prison Litigation Reform Act. This requires the court to determine whether plaintiff has three strikes against him under 28 U.S.C. § 1915(g) or whether the appeal is taken in

bad faith. Plaintiff does not have three strikes against him. Nor do I intend to certify that his appeal is taken in bad faith.

The only other hurdle to proceeding in forma pauperis on appeal is the requirement that plaintiff qualify as indigent and that he make an initial partial payment of the filing fee. To calculate the amount of this initial partial payment, the court must review a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted this account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

ORDER

IT IS ORDERED that plaintiff may have until February 26, 2016 to submit a certified copy of his trust fund account statement for the six-month period from approximately July 28, 2016 to approximately January 28, 2016. If, by February 26, 2016, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 5th day of February, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge